# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIKHAIL ABRAMOV, individually and on behalf of a class of similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | ) Case No. 17-cv-1860<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| THE HOME DEPOT, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Mikhail Abramov, brings this action against defendant The Home Depot, Inc. ("Home Depot"), alleging that the eponymous home improvement retailer has violated the Illinois Consumer Fraud Act, breached express and implied warranties, and unjustly enriched itself by labelling its lumber products using their nominal dimensions rather than their actual dimensions. Home Depot moves this Court to dismiss Abramov's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. For the reasons set forth herein, that motion [30] is granted.

**Background**

The following facts are taken from Abramov's amended complaint and are accepted as true for the purposes of the present motion. Home Depot operates a nationwide chain of home improvement stores that markets to the general public, including do-it-yourselfers and others uneducated in the trades. One of Home Depot's primary products is dimensional lumber, which consists of lumber that is categorized and sold based on its dimensions. Those who work with lumber, however, would not be surprised to learn that the sizes used to describe dimensional lumber products are not accurate representations of the lumber's actual size.

1

Before being sold to consumers, the vast majority of lumber products are "dressed." Dressing describes the process of surfacing raw boards by removing material to ensure that the faces of the lumber are square and that the board has consistent, uniform dimensions. Because dressing requires the removal of material, a dressed board will be smaller than a raw board. It is longstanding, codified industry practice to identify dressed lumber products by a nominal size, which historically corresponded to the size of the raw board which was used. Thus, the common two-by-four is not actually two inches thick and four inches wide. Instead, based on industry standard the "two-by-four" has an actual cross section of 1.5" x 3.5" once it has been dressed.

On its website, Home Depot specifies both the actual and nominal dimensions of lumber products. In the store Abramov visited, however, Home Depot's signage and tags listed only the nominal dimensions, accompanied by the actual length (e.g. " 2x4-6' "). Home Depot is thus selling dressed lumber identified only by nominal dimensions, without indicating clearly that the nominal dimension is not an accurate indicator of the lumber's actual cross-section.

Abramov visited the Palatine, Illinois Home depot in December 2016, looking to purchase a piece of four inch square dimensional lumber for an unspecified home improvement product. While there, Abramov saw a shelf tag advertising six foot lengths of " 4x4-6' " pressure treated pine lumber for $7.17. The lumber was also individually labeled with tags identifying it as " 4 x 4 – 6' ." Abramov purchased a piece of this lumber, only to realize after he returned home that the lumber actually measured three-and-a-half inches square. Abramov alleges that he was deceived by Home Depot's misrepresentation of the dimensions of the lumber, and that as a result of that deception he purchased a product that was unsuitable to his needs and that he would not have purchased had it been accurately labeled. Abramov subsequently filed the present action.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

As an initial matter the Court notes that, although Home Depot challenged Abramov's standing and this Court's subject matter jurisdiction in its briefs, at oral argument it conceded those points in light of Judge Chang's ruling in *Fuchs v. Menard, Inc.*, No. 17-cv-01752, 2017 WL 4339821 (N.D. Ill. Sept. 29, 2017), a contemporaneously filed action challenging Menards' labeling of dimensional lumber products. The Court accordingly turns to the merits of Abramov's allegations.

Abramov contends that Home Depot violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). ICFA protects consumers against "unfair or deceptive acts or practices," including "fraud," "false promise," and the "misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2. In order to state a claim under ICFA, Abramov must allege (1) a deceptive act or practice by defendant; (2) that the act or unfair practice occurred in a course of conduct involving trade or commerce; (3) that the defendant

3

intended plaintiff to rely on the deception; and (4) that actual damages were proximately caused by the deception. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012).

A statement is deceptive if it "creates a likelihood of deception or has the capacity to deceive" by misleading a reasonable consumer as to a material fact, in light of all of the information available to the plaintiffs. *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001); *see also Mullins v. Direct Digital, LLC*, 795 F.3d 654, 673 (7th Cir. 2015); *Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031, 2014 Il App (1st) 122817.

Here, Abramov alleges that Home Depot's labels incorrectly led him to believe that the board that he purchased measured four inches square. The truthfulness of the label in question, however, cannot be reasonably disputed. Numbers are an abstract concept; they only gain physical meaning when they are paired with a corresponding unit of measurement describing what is being measured. The label in question here concerned a product described as a " 4 x 4 – 6' ." The only unit of measure in that label is the prime[1] following the number six, which it is undisputed indicates that the product in question is six feet long. The notation "4x4," by contrast, has no unit of measure and therefore cannot be read as describing a physical dimension.

Nor can the sole unit of measure on the label be assumed to be related to the " 4 x 4 " indication, both because the prime is separated from "4 x 4" and because the prime denotes only feet, and no one would confuse a four-inch-square board with a four-foot-square board. Because there is no corresponding unit of measure, it would be erroneous to interpret the label as providing any dimensions beyond the length of the board. Judge Chang, faced with a substantially similar label, concluded the same, writing:

> [T]he store labels shown in [the plaintiffs'] complaint do not have inch-mark symbols after the customary trade names of lumber pieces. Rather, only the total length of the piece of lumber has any kind of dimension symbol, which is set off from the name of the product,

---

[1] A prime is a symbol " ' " used to denote minutes or feet. A double prime " " " is used to denote inches.

>indicating a switch from a nominal descriptor to one of size, e.g., a 4 x 4 – 10'. . . . So the labels do not actually say that the lumber is 4 inches by 4 inches (or, for the cedar siding planks, 1 inch by 6 inches).

*Fuchs*, 2017 WL 4339821, at *4. This Court agrees that, in the absence of dimensions, the label in question here was literally true.

Under limited circumstances, representations that are literally true have been found to be potentially misleading under ICFA. A true statement may be misleading, for instance, where it does not disclose information which materially qualifies the statement. *See St. Joseph Hosp. v. Corbetta Constr. Co.*, 316 N.E.2d 51, 71, 21 Ill.App.3d 925 (1974) (holding that a statement that a building panel was "not flame rated" was misleading when the panel was not rated because it was so combustible that the rating organization did not bother rating it because it could never be safely used); *Kleczek v. Jorgensen*, 767 N.E.2d 913, 920, 328 Ill.App.3d 1012 (2002) (finding that a contractual representation that no "notice" of code violations had been issued, although true, was nevertheless misleading when an oral warning of code violations, but not a written notice, had issued). Relatedly, truthful disclosures of the fees and costs associated with transactions have been found to be misleading where they deceive consumers as to the nature of the fees at issue. *Martin v. Heinhold Commodities, Inc.*, 643 N.E.2d 734, 743, 163 Ill.2d 33 (1994). In applying ICFA to truthful statements, the Court must remain cognizant of the purpose of ICFA, which is the eradication of deceptive and unfair business practices. *Am. Buyers Club v. Honecker*, 361 N.E.2d 1370, 1374, 46 Ill.App.3d 252 (1977).

Abramov argues that, even if the label in question is technically true, it is still misleading because a reasonable consumer would assume that the dimensions provided are the actual dimensions of the products in question. Abramov's allegations, however, describe no more than a label that was potentially confusing to some consumers. Abramov has not identified any legal authority suggesting that a potentially confusing label, as distinguished from a misleading one (i.e.

one that makes an indisputably clear material misrepresentation), is actionable under ICFA. The few cases which have found a true statement to be actionable under ICFA have all involved a facially obvious omission or deception as to a material fact. Here, at most, Abramov has alleged that the product label in question is ambiguous and that it might confuse consumers as to a material fact. This allegation is insufficient to establish that the label in this case, which is truthful, is nevertheless misleading and legally actionable under ICFA. This is especially so in this case because, here, Abramov had physical access to the board in question, and therefore had access to all of the information that he needed to determine its actual dimensions. *See Fuchs*, 2017 WL 4339821 (finding that a lumber label could not be misleading where the plaintiff had the ability to see and measure the disputed characteristic of the product). Accordingly, the Court concludes that Home Depot's labels at issue in this case were not misleading.

Although the Court finds that the label in question was not misleading as a matter of law, the Court notes that it was not persuaded by Home Depot's argument that it is common knowledge[2] that four-by-fours are not actually four inches square, and that therefore no reasonable consumer would be misled by the labels in question. Home Depot asserts that anyone who has built a treehouse or worked with raw lumber knows that lumber is described by its nominal sizing. It would be no surprise if this was the case, and this Court has no doubt that there are a vast number of individuals who already know that a two-by-four is actually one-and-a-half inches by three-and-a-half inches. The inverse of Home Depot's point, however, is likely also true; only people who have had occasion to work with dimensional lumber have reason to know that it is nominally sized. It would be improper for this Court to opine, on a motion to dismiss and without any evidentiary support, as to what portion of the general population has cause to know that lumber is nominally

---

[2] The Court assumes that Home Depot's use of the term "common knowledge" was not an attempt to invoke judicial notice, given that judicial notice of the fact that lumber is nominally sized would have no bearing on the risk of consumer confusion arising from that practice.

sized.³  The Court also notes that it did not consider Home Depot's arguments concerning publications beyond the scope of the complaint or Home Depot's website, which the complaint referenced but did not allege was misleading or otherwise relevant to Abramov's claims.⁴  *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

Because this Court has concluded that the labels in question were not capable of misleading a reasonable consumer in light of all of the information available, the Court need not decide whether Abramov has sufficiently alleged that Home Depot intended to induce customer reliance or that he suffered actual damages under ICFA.

Abramov also alleges that Home Depot's signage and labeling created an express warranty that was breached by the sale of nominally sized lumber.  In order to state a claim for breach of express warranty, a complaint must allege (1) the terms of the warranty, (2) the breach or failure of the warranty, (3) a demand upon the defendant to perform under the terms of the warranty, (4) a failure by the defendant to do so, (5) plaintiff's compliance with the warranty, and (6) damages measured by the terms of the warranty.  *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 638, 319 Ill.App.3d 780 (2001).

Home Depot contends that Abramov's express-warranty claim fails because he did not provide pre-litigation notice of the breach.  Illinois law requires pre-litigation notice of a purported breach, so as to give the potential defendant the opportunity to cure or investigate the alleged breach.  810 ILCS 5/2-607; *Perona v. Vokswagen of Am., Inc.*, 684 N.E.2d 859, 863, 292 Ill.App.3d 59 (1997).  The notice requirement, however, is excused where the seller has "actual knowledge of the

---

³ Home Depot, incredibly, compares individuals unaware of the nominal sizing of lumber with those few thousand individuals who continue to believe that the world is still flat. In an era where experience in the construction trades is increasingly uncommon, the Court doubts that ignorance of the nominal sizing of lumber is such a rarity.

⁴ Home Depot, citing to *Galanis v. Starbucks Corp.*, No. 16 C 4705, 2016 WL 6037962 (N.D. Ill. Oct. 14, 2016), argues that information available on a company website can dispel alleged misstatements.  Although cases have been dismissed based on internet representations, those cases have all made allegations based, in part, on representations on the website.  Here, by contrast, Abramov has not alleged that Home Depot's website contained a misrepresentation or that he consulted it prior to his purchase.  Accordingly, Home Depot's website does not dispel the alleged misstatements as a matter of law.

defect of the particular product." Here, the alleged defect is that the four-by-four that Abramov purchased was not actually 4"x4" in cross-section. Home Depot actively argues that its four-by-fours were not 4"x4" in cross-section, and thus admits knowledge of the alleged defect. Abramov accordingly was not required to provide pre-litigation notice of his warranty claims. *Fuchs,* 2017 WL 4339821, at *6.

Nevertheless, Abramov has failed to state a claim for express warranty. As this Court found in its analysis of the ICFA claim, the labels at issue consistently represented that the lumber Abramov purchased was a "four-by-four," as that term is used in the lumber industry to denote a board that is four inches by four inches in nominal size. Home Depot never expressly represented through the product labels at issue here that the board in question actually measured four inches by four inches. Accordingly, Abramov cannot establish that Home Depot breached its expressed warranty. *Fuchs*, 2017 WL 4339821, at *6.

Abramov further contends that Home Depot violated Illinois' implied warranty of merchantability. In order to state a claim for breach of the implied warranty for merchantability, a plaintiff must allege that (1) the defendant sold goods that were not merchantable at the time of sale, (2) the plaintiff was damaged as a result, and (3) the plaintiff gave the defendant notice of the defect. *Lambert v. Dollar Gen. Corp.*, No. 16 C 11319, 2017 WL 2619142, at * 4 (N.D. Ill. June 16, 2017) (Leinenweber, J.). In pertinent part, merchantable goods must "conform to the promises or affirmations of fact made on the container or label" and must be "fit for the ordinary purposes for which such goods are used." 810 ILCS 5/2-314(2). Here, Abramov asserts that the board in question was not merchantable because it was labeled as having a cross section of four inches by four inches and did not in fact have those specific dimensions. As previously noted, however, the board in question was, in fact, accurately labeled as being a "four by four," and the label did not represent that the actual cross-section of the board was four-inches by four-inches. The lumber was

thus adequately labeled such that it would "pass without objection in the trade", and Abramov therefore cannot state a claim for breach of implied warranty. *Fuchs*, 2017 WL 4339821, at *6 (quoting 810 ILCS 5/2-314(2)).

Finally, Abramov contends that Home Depot was unjustly enriched by the plaintiff's purchase because Home Depot knowingly misrepresented the dimensions of its lumber products. In order to state a claim for unjust enrichment, Abramov must allege that Home Depot unjustly retained a benefit at his expense contrary to fundamental principles of justice, equity, and good conscience. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 131 Ill.2d 145 (1989). When an unjust enrichment claim is premised on an allegedly fraudulent representation, however, that claim inherently fails if the representation in question is not fraudulent. *Ass'n Benefit Servs., Inc v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007). As previously set forth, the label in question here was not fraudulent. Accordingly, Abramov's unjust enrichment claim fails to state a claim on which relief may be granted.

**Conclusion**

For the foregoing reasons, Home Depot's motion to dismiss is granted and this case is dismissed without prejudice.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 3/12/2018